### PORTER et al. v. ALLMAN et al.

GILBERT, J.  Under conflicting evidence the discretion of the trial judge in refusing the interlocutory injunction will not be controlled.

> *Judgment affirmed.  All the Justices concur.*
>
> No. 2300.  MAY 11, 1921.

Petition for injunction. Before Judge Jones. Stephens superior court. October 23, 1920.

On March 29, 1919 (from the record it is evident that this date should be 1918), a number of citizens of Yow, Mullin's Ford, and Bruce school districts, in Stephens County, petitioned for "the construction of a school building and the purchase of a lot upon which to erect said building and the equipment of said building to be constructed in the combined districts of Yow, Mullin's Ford, and Bruce's Academy." Each of the persons who signed this petition pledged the payment of certain amounts of money for that purpose. In the Toccoa Record of April 18, 1918, notice was published that "an election will be held on Saturday, April 20, to decide the consolidation of the three above-named schools. In the event that the election carries, these schools will be consolidated, and a handsome brick building is proposed to be erected." The notice stated that the election would be held "in response to a petition presented by the patrons of" the three districts named, "to the county board of education." It also stated the site of the proposed new school building. On September 3, 1918, the board of education of Stephens County passed an order creating a new school district, to include all of the Bruce and portions of the Yow and Mullin's Ford districts. On March 11, 1920, a petition was filed by fifty-four persons, alleging themselves to be citizens and taxpayers of the county and residents and landowners of Mullin's Ford and Yow school districts, against the board of education of the county; the prayers of which were that the defendants be enjoined (a) from closing the schools in said districts, and from passing any order which would have the effect of compelling the attendance of pupils of either of these districts at the new building; (b) from passing any order consolidating the three school districts named, or from putting such order into effect if it had already been passed, and that if passed it be revoked, annulled, and set aside as illegal and void; (c) from expending any of the public-school funds of the county in connection with the construction or equipment of the new building; and (d) for general relief and process. The petition alleged that the action of the board in consolidating the three districts was illegal and void, because there were white children, patrons of the schools of said districts, residing more than three miles from the new school building; because said

district was established and said schools consolidated without first obtaining a written petition of two thirds of the voters therein, as required by law; because at the time of said action the Yow School district was levying and collecting a local school tax in conformity to law, and the establishment of the new district abolished the Yow district, and the board of education was without authority to alter or change the boundary lines of said district. The petition asserts that the petitioners at all times objected to the consolidation of the districts; and that both before and after the election above referred to they lodged with the board of education petitions objecting to the proposed consolidation. It also alleged that the board had illegally expended fifteen hundred dollars in the construction of the new building, and had contracted for equipment amounting to one thousand dollars. There was evidence tending to show these facts.

The defendants resisted the petition by answer. The evidence for the plaintiffs was substantially to the effect that a large majority of those voting in the election mentioned had voted against consolidation; and that petitioners had lodged with the defendants objections to the consolidation, as alleged in the petition. The county school superintendent testified: "There were never any objections filed in the form of ojections to the establishment of the consolidated school district. . . The election was purely a proposition of my own, from the fact that I wanted to see how those people felt. It was not held because of any request of any of the patrons living in that territory. It was not directed by the board. It was done without their knowledge even. I did not undertake to carry out the law in holding or advertising it. . . The board never acted on the election, and no result was ever declared. . . No appeal has ever been filed from any decision of the board in regard to these school districts. No appeal has ever been made to the State School Commissioner in regard to any act of the board in regard to these petitions." The plaintiffs introduced evidence tending to show that they objected at all times, and that the election was called under authority of the county board of education. The county school superintendent also testified that the site for the building was purchased in June, 1919, and that construction was begun in August of that year; and that the building had practically been completed at a cost of approximately $4000. Several of

those who signed the original petition for the establishment of the new district appear as plaintiffs in this case.

The court passed the following order: "After consideration of the pleadings, evidence, and arguments in the case, I conclude that in view of the long time elapsing from the acts complained of and the very substantial improvements made with co-operation of some of petitioners and undoubtedly with the full knowledge of them all, it would require a stronger case than has been made to restrain defendants as prayed. The interlocutory injunction is denied." Error is assigned upon the ground that this ruling is contrary to the law and evidence.

*J. H. & Emmett Skelton* and *Goode & Owen,* for plaintiffs.

*Fermor Barrett,* for defendants.